IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEPH HENRY, #07912**                                                      **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 1:10cv245-HSO-JMR**

**HANCOCK COUNTY, MS OFFICIAL, et al.**                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING PLAINTIFF'S COMPLAINT

Before this Court is Plaintiff's Response [13] filed February 16, 2011. While incarcerated, Plaintiff filed the instant Complaint [1] on June 1, 2010, pursuant to 42 U.S.C. § 1983 against Defendants Hancock County, Mississippi Official; Bay St. Louis, Mississippi Police Department; Judge Jerry O. Terry; John Doe, District Attorney; and Richard Joel Smith, Jr., Assistant District Attorney. As relief, Plaintiff is seeking that the habitual portion of his state court sentence be removed, that he be set free from all other charges, and that he be granted monetary damages for false imprisonment from 1991 to 1995. Pursuant to 28 U.S.C. § 1915A, having further screened Plaintiff's Complaint [1], Response [9] filed October 5, 2010, and Response [13] filed February 16, 2011, the Court has made the following determinations.

### I. BACKGROUND

Plaintiff brings the instant civil action pursuant to 42 U.S.C. § 1983, claiming that he should not have been sentenced as a habitual offender and that he was falsely imprisoned for the crime of burglary of a dwelling from 1991, when he was convicted, to 1995, when his conviction was reversed and remanded for a new trial. *See* Compl. [1]. Plaintiff claims that he has newly discovered evidence to support his claim that he was not indicted by a "true bill" for the 1991 criminal charge of

burglary of a dwelling. *Id*. at p.4. According to his Response [13], when Plaintiff was charged in 2002 with the sale or transfer of cocaine, the charge for which he is presently incarcerated, he was also charged as a habitual offender based on four previous convictions, including the conviction for burglary of a dwelling. Plaintiff argues that he is innocent of being a habitual offender because he has not been convicted for burglary of a dwelling. Resp. [9-1] p. 2.

Plaintiff further claims that Defendant Judge Terry violated his constitutional rights when he re-appointed "Mr. Koon" to represent Plaintiff and later sentenced Plaintiff as a habitual offender. Resp. [9-1] p. 2. Additionally, Defendant Smith allegedly failed to prove that the prior convictions used to sentence Plaintiff as a habitual offender were accurate. *Id.*

## II.  ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status by an Order [7] entered on September 14, 2010, § 1915(e)(2) applies to this case.

The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(*quoting Preiser v. Rodriguez*, 411 U.S.

475, 489 (1973)). When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Liberally construing Plaintiff's claims relating to the habitual portion of his sentence and the relief requested in the Complaint that this Court vacate the habitual portion of his state court sentence and set him free from all other charges, such requests are clearly in the nature of habeas relief. Therefore, Plaintiff's sole remedy concerning his sentence is through a petition for habeas relief. *Id.*; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).[1]

As for Plaintiff's claim relating to being falsely imprisoned from 1991 to 1995 for conviction of burglary of a dwelling, *see Henry v. State*, 652 So.2d 1131 (Miss. 1995), this Court finds that this claim is barred by the applicable statute of limitations. "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

---

[1] Plaintiff states in his Response [13] that on March 6, 2006, he was convicted, and is presently incarcerated, for the sale or transfer of cocaine and was sentenced as a habitual offender to 10 years without the possibility of parole or probation. In his Complaint [1] at page 1, Plaintiff states that he filed a petition for habeas relief in this Court in *Henry v. Hargett*, 1:09-cv-149-LG-RHW (S.D. Miss. Oct. 7, 2009). Having reviewed the record in *Henry v. Hargett*, 1:09-cv-149-LG-RHW, this Court finds that Petitioner argued that the state trial court erred when it sentenced him as a habitual offender; that the petition was dismissed by this Court on October 7, 2009, as being time barred pursuant to 28 U.S.C. § 2244(d); and that the United States Court of Appeals for the Fifth Circuit denied Petitioner's Certificate of Appealability in *Henry v. Hargett*, No. 09-60780 (5th Cir. Apr. 2, 2010). Therefore, in order for Petitioner to proceed with a second or successive habeas requesting relief from his conviction for the sale or transfer of cocaine and sentence as a habitual offender, he must receive authorization from the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A). Plaintiff fails to establish that he has received such authorization.

There is no federal statute of limitations for civil rights actions. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this Court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations in this case. *Id.* The applicable Mississippi statute of limitations period is three years. *Gates v. Walker*, 865 F. Supp. 1222, 1230 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see* MISS. CODE ANN. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (*citing Piotrowski, supra*).

Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Mississippi does not provide a tolling provision for incarceration.

Plaintiff claims that he never received a new trial on the charge of burglary of a dwelling. From the allegations of the Complaint, it is clear that as of March 30, 1995, Plaintiff was aware that this conviction had been reversed and remanded for a new trial. *Henry v. State*, 652 So. 2d 1131 (Miss. 1995). Therefore, Plaintiff was aware of his injury and the connection between the injury and the alleged conduct of state officials. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). However, giving Plaintiff the benefit of the later date of March 6, 2006, when he was sentenced as a habitual offender partly on the basis of a prior conviction for burglary of a dwelling, the limitation period expired three years later, on March 6, 2009. Clearly, Plaintiff's claims accrued more than three years prior to filing the present action on June 1, 2010, and are time-barred. Therefore, Plaintiff cannot maintain the claim that he was falsely imprisoned from 1991 to 1995.

Notwithstanding the fact that a part of this case is habeas in nature, and the remainder is time-barred, this Court finds it necessary to address Plaintiff's claims against Defendants Judge Terry; John Doe, District Attorney; and Richard Joel Smith, Jr., Assistant District Attorney. *See Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (*quoting Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)("Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'").

5

The case law is well established that a judge enjoys absolute immunity from damages when performing within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 220-21 (1988). The United States Court of Appeals for the Fifth Circuit has developed a four factor test to utilize in determining whether a judge acted within the scope of his judicial capacity. *See Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005). These factors are "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Id.* at 515.

Applying the four factors set forth in *Ballard,* it is clear that Defendant Judge Terry is entitled to judicial immunity. *Id.* Plaintiff states that Defendant Judge Terry violated his constitutional rights because he reappointed "Mr. Koon" as his attorney and failed to correctly sentence him. Judge Terry's actions were well within the normal judicial function, and there is no indication that Judge Terry's actions occurred outside the courtroom, his chambers/office or other appropriate space. Consequently, this Court finds that Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Judge Terry, as he is judicially immune.

A district attorney, when acting within the scope of his role as a prosecutor, enjoys absolute immunity from liability in suits filed pursuant to 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). The allegations against Defendants John Doe, District Attorney, and Richard Joel Smith, Assistant District Attorney, establish that they were acting within their discretion when prosecuting Plaintiff as a habitual offender. Since there are no allegations that these Defendants acted beyond the scope of their prosecutorial authority, they are absolutely immune from liability and damages under these circumstances. Thus, Plaintiff cannot maintain this § 1983 action against these Defendants.

Finally, as for any claim Plaintiff may have against Defendant Bay St. Louis Police Department, this Court finds that he cannot maintain this § 1983 action against it. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023 (5th Cir. 1993)(*citing Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14)(5th Cir. 1991)(stating that a police department "is not a proper party defendant in [a] civil rights suit arising from the purported actions of the City's police officer")). Consequently, Defendant Bay St. Louis Police Department will be dismissed with prejudice.

### III.  CONCLUSION

Plaintiff's claims for habeas relief will be dismissed without prejudice. His claim that he was falsely imprisoned from 1991 to 1995 is time-barred and is hereby dismissed with prejudice as frivolous. As for his claims against Defendants Judge Terry; John Doe, District Attorney; and Richard Joel Smith, Assistant District

Attorney, they are dismissed with prejudice because these Defendants are immune from suit under § 1983. Finally, Plaintiff's claims, if any, against Defendant Bay St. Louis Police Department are dismissed with prejudice.

Since this case is dismissed in part as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "Strike"[2]. *Comeaux v. v.Cockrell*, 72 Fed. App'x 54, 55, 2003 WL 21659432 at *1 (5th Cir. 2003). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered. All remaining pending motions will be denied as moot.

SO ORDERED, this the 2nd day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.